UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANITRA CRAWFORD,

    Plaintiff,                                          Case No. 17-cv-13698
                                                 Hon. Matthew F. Leitman

v.

GERARD ANDERSON, *et al.*,

    Defendants.
_____/

## ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS (ECF #2) AND (2) DISMISSING PLAINTIFF'S COMPLAINT (ECF #1)

On November 16, 2017, Plaintiff Anitra Crawford filed this action against various executives of four telecommunications companies. (*See* Compl., ECF #1.) Crawford appears to allege that the telecommunication companies that Defendants work for have caused her harm by "transmit[ing]" "energy … [and] data" which has "penetrate[d]" and "absorb[ed]" into her skin. (*Id.* at Pg. ID 5.) She further alleges that these telecommunications companies have "broadcast" her "communications." (*Id.*)

Crawford has also filed an application to proceed in this action without the prepayment of fees or costs (the "Application"). (*See* ECF #2.) For the reasons stated below, the Court **GRANTS** the Application and **DISMISSES** the Complaint.

**I**

Applications to proceed without the prepayment of fees or costs are governed by 28 U.S.C. § 1915(a)(1). That statute provides that a federal court "may authorize the commencement ... of any suit, action, or proceeding ... by a person who submits an affidavit that includes a statement of all assets ... that the person is unable to pay such fees...." *Id.*

In the Application, Crawford says that she does not have any money in any bank accounts and cannot otherwise afford to pay the required filing fee. (*See* Application, ECF #2 at Pg. ID 11-12.) The Court has reviewed the Application and is satisfied that the prepayment of the filing fee would cause an undue financial hardship on Crawford. The Court will therefore **GRANT** the Application.

**II**

When a plaintiff is allowed to proceed without the prepayment of fees or costs, the Court is required to screen the complaint and dismiss it if it (i) asserts frivolous or malicious claims, (ii) fails to state a claim upon which relief may be granted, and/or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). A complaint is frivolous "where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While the Court must liberally construe documents filed by a *pro se* plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint filed by such a plaintiff must still

plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010) (holding that the dismissal standard in *Iqbal* applies to a Court's review of a complaint under § 1915(e)(2) for failure to state a claim).

Here, as described above, Crawford appears to allege that the telecommunications companies that Defendants work for "are responsible for the transmission of data" that has caused her to "suffer[] from moderate to serious bodily injuries." (Compl., ECF #1 at Pg. ID 5.) Even when the Court construes her allegations liberally, it concludes that she has failed to state a viable claim against the Defendants. Her allegations are conclusory and do not allege specific facts that tie the actions of the named Defendants to any harms that she allegedly has suffered. Indeed, Crawford's allegations do not mention the named Defendants at all. Moreover, Crawford has not identified any cognizable theory of liability. Simply put, Crawford has failed to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1]

---

[1] This is not the first time that this Court has dismissed a Complaint Crawford has filed for failure to state a claim under 28 U.S.C. § 1915. Indeed, the Court has repeatedly dismissed Complaints, like the one filed here, in which Crawford has brought frivolous or inadequately pleaded claims against telecommunications companies and/or their employees. *See Crawford v. Stephenson*, Case No. 16-cv-10218 (E.D. Mich.), Dkt. #4 (dismissing Complaint and concluding that claims Crawford made related to electromagnetic fields emanating from cell phone towers

3

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that (1) the Application (ECF #2) is **GRANTED** and (2) the Complaint (ECF #1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. Rule Civ. Proc. 12(h)(3). The Court further certifies that any appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 16, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 16, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

---

and the stealing of her genetic code were "irrational and delusional"); *Crawford v. AT&T et. al.*, 12-cv-14781 (E.D. Mich.), Dkt. #3 (dismissing Complaint in which Crawford alleged that "an implant was sealed in her body" and that she was being subjected to "surveillance of her at her residence" for failure to state a claim); *Crawford v. Stephenson*, Case No. 13-13358 (E.D. Mich.), Dkt. #4 ("The complaint here is frivolous").